949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Selwyn Andrew CHARLES, Plaintiff-Appellant,
v.
Lee THOMPSON, U.S. Attorney; Melanie D. Caro; Jill Grant;
and Mark A. Steinbeck, Defendants-Appellees.
 No. 91-3227.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judges.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 Selwyn Charles appeals from a district court order dismissing his pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Charles claims that the defendants, the United States Attorney for the District of Kansas, an Assistant United States Attorney, and two United States Army attorneys, maliciously filed unwarranted motions for extensions of time in Charles' separate habeas proceeding. This, asserts Charles, had the effect of obstructing justice and violating his constitutional rights under the Fifth and Fourteenth Amendments.
 
 
 1
 After reviewing the complaint, the district court dismissed the action and denied plaintiff leave to proceed in forma pauperis. The plaintiff's complaint lacks any arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319 (1989). We therefore deny plaintiff's motion to proceed in forma pauperis. The appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3